# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

HENRIETTA HARRIS;           )
                            )
    Plaintiff,          )
                            )
V.                          )     NO._____
                            )
CONAGRA FOODS, INC.;        )
                            )
    Defendant.          )
_____

## C O M P L A I N T
_____

Plaintiff, for her Complaint brings this Civil Action by her attorney and complains and alleges as follows:

1. The Plaintiff at all times hereinafter mentioned, was, and still is, a resident of the State of Tennessee.

2. The Defendant is a Delaware corporation registered to do business in the State of Tennessee. The Defendant operates a food distribution facility and warehouse located at 540 East Broadway, Newport, Tennessee.

3. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

4. This action is authorized and instituted according to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (referred to as "Title VII"); and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. Venue is appropriate and proper in the Eastern District of Tennessee under 28 U.S.C. § 1391 because the events complained of herein occurred in Cocke County, Tennessee.

6. The Plaintiff is a "person" as defined by Title VII. At the time of the events complained of herein Plaintiff was employed by the Defendant.

7. The Defendant is an employer within the meaning of Title VII.

8. The Plaintiff has been employed by the Defendant for approximately nineteen years. The Plaintiff applied for the position of Team Lead with the Defendant and was ultimately awarded the position of Team Lead on or about June 21, 2007, and began training for that position. During this time, the Plaintiff was the only female Team Lead employed by the Defendant at the Cocke County location.

9. The Plaintiff was given approximately three to six months to train for the position of Team Lead. In contrast, male Team Leads being trained were given one year to train.

10. The Defendant, by and through its personnel, treated the Plaintiff less favorably than males in similar positions. Males were given second and third chances to learn the position. The rules were constantly changed for the Plaintiff while they remained constant for males in similar positions. She was harassed by her supervisors, and her work was sabotaged. Ultimately, she was demoted from the position of Team Lead and replaced by a male. She is now earning a considerably lower pay rate than she would be earning as a Team Lead.

11. The Plaintiff was subjected to different terms and conditions of employment and retaliated against by the Defendant because of her gender.

12. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on January 22, 2011. It has been less that ninety days since the

Plaintiff received the Notice of Right to Sue. A copy of the Notice of Right to Sue and the confirmation of delivery is attached hereto as Exhibit A.

13. The Defendant, by its conduct herein alleged, intentionally, willfully, and with reckless disregard deprived the Plaintiff of her right to be free from sexual discrimination and harassment as provided by Title VII, and the Civil Rights Act of 1991.

14. As the direct and proximate result of the discriminatory acts of the Defendant, the Plaintiff has suffered and will suffer in the future the following injuries and damages: lost wages and benefits including back pay and front pay; severe mental and emotional pain and suffering; extreme humiliation and embarrassment; and loss of the enjoyment of life.

15. Due to its discriminatory acts, the Defendant is liable to the Plaintiff for compensatory damages and punitive damages.

**WHEREFORE**, Premises Considered Plaintiff prays the following:

1. That proper process issue and be served upon the Defendant and it be required to appear and answer this Complaint within the time requirement by law.

2. That the Plaintiff be awarded her actual and compensatory damages of one million dollars ($1,000,000.00) against the Defendant.

3. That the Plaintiff be awarded punitive damages of three million dollars ($3,000,000.00) against the Defendant.

4. That the Plaintiff be awarded her reasonable attorney's fee and the costs for bringing this action.

5. That any other relief be awarded as is justified by the proof.

6. That a jury hear this action.

Respectfully submitted this 20th day of April, 2011

                Henrietta Harris

                By:<u>/s/David S. Byrd, BPR# 016618</u>
                Attorney for Plaintiff
                CAPPS, CANTWELL, CAPPS & BYRD
                P.O. Box 1897
                Morristown, TN 37816-1897
                (423) 586-3083